IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30855
USDC No. 95-CV-121
_____

RAYWARD GROGAN, JR.,

Petitioner-Appellant,

versus

TERRY TERRELL, Warden,
Allen Correctional Center,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
- - - - - - - - - -
February 6, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:

Rayward Grogan, Jr. moves this court for a certificate of probable cause (CPC). The issuance of a CPC is unnecessary to establish appellate jurisdiction because the detention complained of, loss of good-time credit, does not arise out of process issued by a state court. See 28 U.S.C. § 2253. Therefore, the petitioner's motion for CPC is DENIED as unnecessary.

Grogan's petition is construed as being brought under 28 U.S.C. § 2241 because he does not contest the legality of his conviction or the validity of his initial sentence. See Story v. Collins, 920 F.2d 1247, 1250 (5th Cir. 1991) (jurisdiction

over state prisoner's good-conduct claim is based on § 2241 rather than § 2254).

The district court determined that although Grogan had not exhausted his state-court remedies, he was procedurally barred from doing so. The respondents and Grogan do not dispute that he was procedurally barred from bringing his claim in state court. Although the district court erroneously disposed of the petition as a § 1983 action, the procedural-default doctrine forecloses federal review. Duff-Smith v. Collins, 973 F.2d 1175, 1180 (5th Cir. 1992)(§ 2254 case), cert. denied, 113 S. Ct. 1958 (1993).

AFFIRMED.